UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP THURSTON MACE,

                       Petitioner,

        -against-

WARDEN RICKARD,

                       Respondent.

25-CV-8476 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Phillip Thurston Mace, who currently is incarcerated at the Otisville Correctional Facility, in Otisville, New York, brings this petition, *pro se*, under 28 U.S.C. § 2241. He seeks to challenge the imposition of his June 26, 2020 sentence, entered in the United States District Court for the Eastern District of Virginia.[1] *See United States v. Mace*, No. 19-CR-0341-1 (LMB) (E.D. Va. June 26, 2020). Because Petitioner was convicted and sentenced in the Eastern District of Virginia, the Court transfers this action, in the interest of justice, to the United States District Court for the Eastern District of Virginia.

## BACKGROUND

      The following facts are drawn from Petitioner's submission. In 2019, authorities in Virginia charged Petitioner with possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (*See* ECF 1 ¶ 8.) Petitioner pled guilty to the drug trafficking offense and the Section 924(c) firearms possession offense. (*See id.* ¶ 9.) The sentencing court in the Eastern District of Virginia sentenced him to 60 months for each offense, to run consecutively. (*See id.*) Petitioner did not challenge his judgment of conviction by filing a motion under 28 U.S.C. § 2255 or appealing the judgment. *See Mace*, No. 19-CR-0341-1.

---

[1] Petitioner did not pay the filing fee or file an application to proceed *in forma pauperis*.

Petitioner now brings claims under Section 2241, invoking the savings clause of 28 U.S.C. § 2255(e), and arguing that Section 2255 is inadequate or ineffective to challenge his sentence because his "actual innocence" claim "rests on [a] statutory interpretation showing that his conduct does not fall within § 924(c)." (*Id.* ¶¶ 2, 3.) Specifically, Petitioner claims that his possession of a firearm was not in furtherance of a drug trafficking activity but rather the result of "a barter transaction: [h]e provided heroin and fentanyl to the undercover officer; [i]n exchange, he received two Glock firearms concealed in a toolbox from the officer." (*Id.* ¶ 6.)

## DISCUSSION

A.  **Petitioner may not bring his claims under 28 U.S.C. § 2241**

The proper jurisdictional basis for the relief Petitioner seeks is Section 2255, not Section 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Under Section 2241, a federal prisoner may challenge the "*execution* of [his] sentence," *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (emphasis in original), such as decisions to deny parole, or conditions of confinement, *see, e.g.*, *Jiminian*, 245 F.3d 144, 146.

In limited circumstances, a Section 2255 motion may be "inadequate or ineffective to test the legality of [a] detention." 28 U.S.C. § 2255(e); *see Jones v. Hendrix*, 599 U.S. 465, 474 (2023) ("Traditionally, courts have treated the saving clause as covering unusual circumstances in which is it impossible or impracticable for a prisoner to seek relief from the sentencing court."); *Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003). Section 2255 generally is "inadequate or ineffective" where it cannot be utilized and "the failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997). Accordingly, the savings clause authorizes a petition under Section 2241

2

"only when § 2255 is unavailable *and* the petition is filed by an individual who (1) 'can prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'" *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (emphasis in original) (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003)). With respect to the first prong, Section 2255 relief is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (emphasis in original).

      Petitioner fails to meet these two predicates for a challenge of his sentence under Section 2241. First, he cannot show that Section 2255 is unavailable. The gatekeeping provision of 28 U.S.C. § 2255(h), which prohibits the filing of multiple motions under that section absent Court of Appeals approval, does not apply here because Petitioner never filed a Section 2255 motion. Moreover, although a Section 2255 motion may be untimely under Section 2255(f)—the subsection of Section 2255 that addresses the one-year statute of limitations—the failure to satisfy this gate-keeping requirement does not render Section 2255 unavailable. *See Adams*, 372 F.3d at 135; *Carrasquillo v. Schult*, No. 9:09-CV-0516 (DHN) (DEP), 2009 WL 8062983, at *4 (N.D.N.Y. Nov. 4, 2009) ("Because his assertion that section 2255 relief is unavailable is based solely upon the allegation that any request for relief would be untimely, petitioner has failed to establish that section 2255 relief is no longer procedurally available." (citation omitted)). Petitioner has therefore failed to establish that Section 2255 is unavailable to him for purposes of the savings clause.

Second, even if Petitioner could argue that Section 2255 relief is unavailable to him, he does not allege that he is actually innocent. In the context of a savings clause analysis, actual innocence "normally means simply that the defendant did not commit the crime." *Poindexter*, 333 F.3d at 381 (citations omitted). Because Petitioner does not argue that he did not provide drugs for firearms, but rather that this conduct was not in furtherance of a drug trafficking offense, he does not argue that he is actually innocent.[2]

Finally, even if Petitioner could show that he can proceed with his actual innocence claim, he alleges no facts suggesting that he could not have raised his claims of innocence earlier, either on direct appeal or in a Section 2255 motion. *See Dhinsa*, 917 F.3d at 81 (petitioner invoking the savings clause must (1) 'prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'" (citation omitted)).

Because Petitioner fails to show that Section 2255 is unavailable and that he can proceed with his actual innocence claim in a Section 2241 petition, he may not challenge his conviction under Section 2241.

---

[2] Although intervening change in law could possibly support a showing of actual innocence, *see Stern v. United States*, No. 09-CV-6044 (PAC) (FM), 2013 WL 71773, at *10 (S.D.N.Y. Jan. 4, 2013) (identifying split of authority of the issue but ultimately assuming without deciding that the *habeas* petitioner was entitled to attempt to "demonstrate his actual innocence based upon an intervening change in the law"); *Petronio v. Walsh*, 736 F. Supp. 2d 640, 658 (E.D.N.Y. 2010) (holding that "petitioners may show actual innocence not only through the introduction of new evidence but by highlighting intervening changes in the law"), Petitioner does not point to an intervening change in controlling law.

4

B.   **Transfer to the Eastern District of Virginia**

The proper jurisdictional basis for the relief Petitioner seeks is Section 2255, and a motion under Section 2255 must be brought in the district of conviction and sentencing. *See Panico v. United States*, 412 F.2d 1151, 1155-56 (2d Cir. 1969) ("[O]ne of the purposes for which Congress passed Section 2255 was to make use of the personal observations of the trial judge."). The Court declines to treat this application as a motion under Section 2255; however, nothing in this order should interfere with the transferee court's discretion to construe this petition liberally and to notify Petitioner of such recharacterization. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). Because Petitioner was convicted and sentenced in the United States District Court for the Eastern District of Virginia, the Court transfers this case to the Eastern District of Virginia, in the interest of justice. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

In the interest of justice, the Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of Virginia. *See* 28 U.S.C. § 1406(a).

This order closes this case in this court.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 23, 2025
       New York, New York

                                /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                                Chief United States District Judge